10-1019-cv
Messa v. Goord

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2010

(Argued:  June 17, 2011          Decided:  July 26, 2011)

Docket No. 10-1019-pr

———————————————

RAFAEL MESSA,
                                    *Plaintiff-Appellant*,

v.

GLENN GOORD, Commissioner, Department of Correctional
Services, LESTER N. WRIGHT, Deputy Commissioner/Chief Medical
Officer, Department of Correctional Services, MARC F. STERN,
Regional Medical Director, Department of Correctional
Services, STEVEN VANBUREN, Regional Health Services
Administration, LUCIEN J. LECLAIRE, JR., Deputy Commissioner,
CHARLES R. GREINER, Superintendent, GHCF, GEORGE B. DUNCAN,
Superintendent, GHCF, ALBERT PAOLANO, Facility Health Service
Director, CMCF, HOWARD SILVERBERG, DR. BENDHEIN, Medical Doctor,
GHCF, DR. NUNEZ, MS. RODAS, Physician's Assistant, MR. NESMITH,
PAUL BURNDRICK, Nurse Administrator, C. MARTUSCELLO,
                                    *Defendants*,

V. BLAESTZ, Senior Correctional Counselor, JOHN TIERNEY,
Correctional Sergeant, S. ULLRICH, Correctional Sergeant,
GERALD TILLOTSON, DAVID MAZZELLA, CHARLES V. AUSTIN, W. R. KELLY, C.
MITCHELL, J. ERNS, M. MILLER, M. MRZYGLOD,
                                    *Defendants-Appellees*.[*]

———————————————

Before:
        B.D. PARKER and CHIN, *Circuit Judges*, and
              KORMAN, *District Judge*.[**]

_____

    [*]     The Clerk of the Court is directed to revise the
official caption to conform to the above.

    [**]    The Honorable Edward R. Korman, of the United States
District Court for the Eastern District of New York, sitting by
designation.

Appeal from a February 17, 2010, judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*), dismissing plaintiff-appellant's suit for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act of 1995.

AFFIRMED.

----

DAVID J. MARCK and JEFFREY ROSE-STEINBERG,[***] Seton Hall University School of Law Center for Social Justice, Newark, New Jersey, *for Plaintiff-Appellant*.

MARTIN HOTVET, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Michael S. Belohlavek, Senior Counsel, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York, *for Defendants-Appellees*.

----

PER CURIAM:

In this appeal, we consider whether a plaintiff in a lawsuit governed by the Prison Litigation Reform Act of 1995 (the "PLRA") is entitled to a jury trial on disputed factual issues relating to his exhaustion of administrative remedies. The district court held that he is not. We agree.

----

[***]    Appearing pursuant to 2d Cir. R. 46.1(e).

-2-

## BACKGROUND

On March 25, 2001, plaintiff-appellant Rafael Messa, an inmate in the custody of the New York State Department of Correctional Services ("DOCS") at Green Haven Correctional Facility, was injured during a prison yard altercation with defendants-appellees, a group of correctional officers ("defendants"). As a consequence, Messa was hospitalized in the prison infirmary for more than a week.

On November 17, 2003, he brought this *pro se* action under 42 U.S.C. § 1983 against defendants and other DOCS employees, alleging excessive force and other Eighth Amendment and due process violations in connection with the prison yard incident. The parties requested a jury trial.

By mid-2007, only the excessive force claim remained. Defendants moved for summary judgment, arguing that Messa had not complied with the PLRA's exhaustion provision, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Messa acknowledged that he had failed to file a grievance or otherwise pursue relief through DOCS's Inmate

-3-

Grievance Procedure (the "IGP"), but he argued that his failure should be excused.[1] Specifically, he argued that (1) defendants should be estopped from asserting non-exhaustion because they and other prison staff had threatened him with further violence if he filed a grievance; and (2) prison staff had refused him translation and processing assistance, effectively preventing him from utilizing the IGP because he could not speak English and was illiterate in his native Spanish.

The district court denied the summary judgment motion and scheduled trial for January 11, 2010. The Friday before trial was to begin, the district court announced its plan to conduct an evidentiary hearing on exhaustion before impaneling a jury. On Monday, it denied Messa's request for an adjournment and heard testimony from both sides. Ruling from the bench, the court rejected Messa's excuses as contrary to the evidence. For example, the district court held that Messa's facility with the IGP was evident from the numerous grievances he had filed between 2000 and 2003. Moreover, he had successfully appealed disciplinary proceedings brought against him in April 2001 that arose out of the same prison yard altercation. Hence, the district

---

[1] The specifics of the IGP are discussed in *Espinal v. Goord*, 558 F.3d 119, 125-27 (2d Cir. 2009).

-4-

court dismissed the remainder of the complaint without prejudice to refiling upon exhaustion.  The trial never took place.  This appeal followed.

### *DISCUSSION*

On appeal, Messa challenges the district court's (1) denial of a jury trial on the factual disputes regarding his excuses for non-exhaustion; (2) rejection of his excuses for non-exhaustion; and (3) denial of his request to adjourn the January 11 hearing.

The right to a jury trial is a legal question that we review de novo.  *See Brown v. Sandino Materials*, 250 F.3d 120, 125 (2d Cir. 2001).  The Seventh Amendment provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."  U.S. CONST. amend. VII.  In an action under 42 U.S.C. § 1983, the parties have a right to a jury trial on the merits, *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999), but whether the right applies to other aspects of the action depends upon "the nature of the issue . . . rather than the character of the overall action," *see Ross v. Bernhard*, 396 U.S. 531, 538 (1970).

This Court has not addressed whether there is a right to a jury trial on factual disputes regarding an inmate's failure to exhaust administrative remedies as required by the PLRA, 42 U.S.C. § 1997e(a).  Five of our sister circuits have addressed the issue, however, and all five have held that there is no such right.  *See Drippe v. Tobelinski*, 604 F.3d 778, 782, 785 (3d Cir. 2010); *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010); *Bryant v. Rich*, 530 F.3d 1368, 1375-77 & n.15 (11th Cir. 2008); *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008); *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).  We agree.

The PLRA provides that "unexhausted claims cannot be brought in [federal] court."  *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Perez v. Wisc. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (describing satisfaction of § 1997e(a) as "a precondition" to bringing suit).  Like administrative exhaustion generally, PLRA exhaustion "govern[s] the timing of federal-court decisionmaking." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992); *see Woodford v. Ngo*, 548 U.S. 81, 93-103 (2006)*; Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 & n.9 (1938).  It is a matter of judicial administration in the sense that "[u]ntil the issue of exhaustion is resolved, the court cannot know whether it is to decide the case or the prison authorities are to [do so]."  *Pavey*, 544 F.3d at 741.

An inmate's failure to comply with this requirement may be excused where: (1) administrative remedies were not in fact "'available' to the prisoner," (2) "defendants' own actions inhibit[ed]" exhaustion, or (3) "'special circumstances' . . . justify" non-exhaustion. *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004). Messa argues that, unlike other aspects of exhaustion, which he concedes are properly resolved by the court, determining whether an inmate asserts a valid excuse for non-exhaustion is a task for the jury. We are not persuaded.

First, the Seventh Amendment's guarantee of the right to "the ultimate determination of issues of fact by the jury," *In re Peterson*, 253 U.S. 300, 309-10 (1920), does not extend to the "threshold issue[s] that *courts* must address to determine whether litigation is being conducted in the right forum at the right time," *Dillon*, 596 F.3d at 272 (emphasis added). As one of our sister courts put it, "[j]uries decide cases, not issues of judicial traffic control." *Pavey*, 544 F.3d at 741.

Messa is incorrect that the presence of disputed material facts converts exhaustion into a jury issue. Matters of judicial administration often require district judges to decide factual disputes that are not bound up with the merits of the underlying dispute. In such cases, the Seventh Amendment is not violated. *See Alliance for Envtl.*

-7-

*Renewal v. Pyramid Crossgates Co.*, 436 F.3d 82, 87–88 (2d Cir. 2006); *see also Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 170 n.14 (2d Cir. 2001). Here, the factual disputes relating to exhaustion are not intertwined with the merits of Messa's underlying excessive force claim.

Second, Messa's proposal ignores Congress's reasons for requiring administrative exhaustion, which are to (1) encourage inmates to pursue administrative steps "that they might otherwise prefer to skip," *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010); (2) "provide[] prisons with a fair opportunity to correct their own errors," *Woodford*, 548 U.S. at 94; and (3) "reduce the quantity and improve the quality of prisoner suits," *Porter v. Nussle*, 534 U.S. 516, 524 (2002). To require a jury trial before it is certain that an inmate is entitled to be in federal court would seriously undercut these goals. *See Bryant*, 530 F.3d at 1376. "[O]ne could envision a series of jury trials before there was a trial on the merits: a jury trial to decide exhaustion, a verdict finding that the prisoner had failed to exhuast, an administrative proceeding, the resumption of the litigation, and another jury trial on failure to exhaust." *Pavey*, 544 F.3d at 741.

Third, Messa argues that excuses for PLRA exhaustion are analogous to a statute of limitations, an issue that may be tried to a jury as of right, *see Katz v.*

-8-

*Goodyear Tire & Rubber Co.*, 737 F.2d 238, 242-43 (2d Cir. 1984); *Bertha Bldg. Corp. v. Nat'l Theatres Corp.*, 248 F.2d 833, 840 (2d Cir. 1957).  He is wrong.  While it is true that the two are similar in some ways -- *e.g.*, both are non-jurisdictional affirmative defenses -- they serve very different functions in our civil justice system.

As discussed, PLRA exhaustion is a condition that must be satisfied *before* the courts can act on an inmate-plaintiff's action.  *Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999).  A statute of limitations, on the other hand, "represent[s] a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that 'the right to be free of stale claims in time comes to prevail over the right to prosecute them.'"  *United States v. Kubrick*, 444 U.S. 111, 117 (1979) (quoting *R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342, 349 (1944)).  In other words, one doctrine opens the courthouse door and the other closes it.  In fact, because these two doctrines play such important -- and distinct -- roles in our system of justice, we recently held that statutes of limitations "'must be tolled while a prisoner completes the mandatory exhaustion process.'"  *Gonzalez v. Hasty*, No. 07-1787-pr, 2011 WL 2463562, at *5 (2d Cir. June 22, 2011) (quoting *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005)).

Finally, we are not persuaded by the argument that a jury trial should be permitted if exhaustion is no longer possible, *i.e.*, if a dismissal for failure to exhaust will "end litigation rather than shunting it to another forum," *Pavey*, 544 F.3d at 741. The Seventh Amendment does not promise a jury trial on all issues that might, as a practical matter, finally dispose of a case. Rather, it guarantees the right to a jury's resolution of the merits of the ultimate dispute. *See Markman v. Westview Instruments*, 517 U.S. 370, 377 (1996); *see also In re Peterson*, 253 U.S. at 309-10. There has been no interference with that right in Messa's case: whether defendants used excessive force in the prison yard that day has yet to be determined.

We have considered Messa's remaining arguments and conclude that they are without merit. The district court did not err in rejecting Messa's excuses after consideration of the evidence presented at the January 11 hearing. Nor was the district court's denial of Messa's request for an adjournment -- after the case had been pending almost seven years -- an abuse of discretion. *See Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 341 (2d Cir. 1986).

### *CONCLUSION*

For the foregoing reasons, we hold that the Seventh Amendment does not guarantee a jury trial on factual disputes regarding administrative exhaustion under the PLRA. Accordingly, the judgment of the district court is **AFFIRMED**.

-10-