12-4111
*Morrison v. Stefaniak, et al.*

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of, two thousand thirteen.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
>> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PATRICK J. MORRISON,

> *Plaintiff-Appellant*,

-v.-                                                                 No. 12-4111

STEFANIAK, Sgt., RYAN, C.O., PARMELE, C.O., JERROLD, Sgt., MARKLE, C.O., ARMBUSTER, C.O., KASPERSKI, C.O.,

> *Defendants-Appellees*,

HUNT, Superintendent, MERYLE, C.O.,

> *Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

FOR PLAINTIFF-APPELLANT:          Patrick J. Morrison, *pro se*, Rochester, NY.

FOR DEFENDANTS-APPELLEES:    Barbara D. Underwood, Solicitor General, Denise A. Hartman, Allyson B. Levine, Assistant Solicitors General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from the September 26, 2012 judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 26, 2012 judgment of the District Court be **AFFIRMED**.

Plaintiff-appellant Patrick J. Morrison, proceeding *pro se*, appeals the District Court's grant of summary judgment to defendants, a group of state corrections officers. The District Court concluded that Morrison had failed to exhaust his administrative remedies before bringing his 42 U.S.C. § 1983 complaint. We review an order granting summary judgment *de novo* and "resolv[e] all ambiguities and draw[] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (quoting *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In New York, prison inmates must follow a three-tiered grievance procedure. An inmate must first file the grievance with an inmate grievance program supervisor, who forwards the grievance to the Inmate Grievance Resolution Committee ("IGRC") for initial decision. N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5. If the inmate is unsatisfied with the IGRC's decision, he has seven days from its receipt to appeal the decision to the superintendent by returning the appeal section of the IGRC response form to the grievance clerk. If dissatisfied with the superintendent's decision, the inmate then has another seven days from the receipt of the superintendent's decision to appeal to the Central Office Review Committee ("CORC"). *See id.*

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012). The PLRA requires "proper exhaustion" of prison administrative remedies, which includes compliance with agency deadlines and procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006)

("[P]roper exhaustion . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).") (emphasis in original; internal quotation marks omitted)). However, a failure to properly exhaust remedies may be excused where administrative remedies were not actually available, where prison officials have forfeited the defense of non-exhaustion, or where special circumstances justify a failure to comply. *See Messa v. Goord*, 652 F.3d 305, 309 (2d Cir. 2011).

Upon an independent review of the record, we conclude that the District Court did not err in finding that Morrison failed to appeal the IGRC's decision to the prison superintendent, and in determining that no exception to the exhaustion requirement applied. Furthermore, although Morrison alleges that the grievance procedure was confusing, the procedure set forward in the IGRC's response form is clear, and it appears that he misfiled his appeal to the superintendent primarily because he read only a portion of the response form. In other words, Morrison did not properly exhaust his administrative remedies.

Finally, defendants themselves observe that prison officials apparently failed to abide by the relevant procedure contained at N.Y. Comp. Codes R. & Regs. tit. 7, § 701.8, which provides that, where employee harassment is alleged, a prisoner's grievance must be forwarded directly to the superintendent and, if the superintendent fails to respond within twenty-five calendar days, the prisoner may then appeal directly to the CORC. Nonetheless, Morrison failed to raise this issue below, and it is therefore waived. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006). Indeed, Morrison failed to raise this claim in his opening brief on appeal, or address it in his reply. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (explaining that a *pro se* appellant abandons an issue not raised in his appellate brief).

In sum, we agree with the District Court that Morrison failed to exhaust his remedies, for substantially the same reasons given by the District Court in its September 25, 2012 Decision and Order.

**CONCLUSION**

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the September 26, 2012 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3