14-4092-pr
Heyliger v. Gebler

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand fifteen.

PRESENT: JOHN M. WALKER, JR.,
ROBERT D. SACK,
REENA RAGGI,
*Circuit Judges.*

------------------------------------------------------------------------
JASON HEYLIGER,

*Plaintiff-Appellant*,

v.                                                                    No. 14-4092-pr

THOMAS GEBLER, Prison Guard, JEFFREY PILLEY, Prison Guard,

*Defendants-Appellees*,

D. O'CONNELL, Sergeant of the Guards,

*Defendant.*\*
------------------------------------------------------------------------

APPEARING FOR APPELLANT:     DAVID M. TANG (Paul F. Keneally, *on the brief*), Underberg & Kessler LLP, Rochester, New York.

APPEARING FOR APPELLEES:     JONATHAN HITSOUS, Assistant Solicitor General (Barbara D. Underwood, Solicitor

---

\* The Clerk of Court is directed to amend the caption as set forth above.

General; Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 30, 2014, is AFFIRMED.

Plaintiff Jason Heyliger, formerly incarcerated at Attica Correctional Facility, appeals from an award of summary judgment in favor of defendants Thomas Gebler and Jeffrey Pilley on Heyliger's claims under 42 U.S.C. § 1983.[1] Heyliger contends that the district court erred in granting summary judgment based on his failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). We review an award of summary judgment de novo, see Johnson v. Killian, 680 F.3d 234, 236 (2d Cir. 2012), and will affirm if the record, viewed in the light most favorable to the non-moving party, reveals no genuine issue of material fact, see Fed. R. Civ. P. 56(a); Lynch v. City of New York, 737 F.3d 150, 156 (2d Cir. 2013). We assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

---

[1] In his second amended complaint, Heyliger also named as a defendant Sergeant Denis O'Connell. The district court dismissed all claims against O'Connell by order dated July 30, 2010, which Heyliger does not challenge on appeal.

2

1.    Exhaustion

The PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). It is undisputed that Heyliger failed to exhaust all available administrative remedies because he did not complete the second and third steps of the New York State Department of Correctional Services' Inmate Grievance Procedure, which require an inmate to appeal an unfavorable decision of the Inmate Grievance Resolution Committee ("IGRC") first to the superintendent and, then, to the Central Office Review Committee ("CORC"). See N.Y. Comp. Codes R. & Regs. tit. 7, § 701.7(b)–(c) (2005) (now codified as amended at N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(c)–(d) (2015)).[2]

Heyliger contends, however, that his failure to exhaust should be excused under Hemphill v. New York, 380 F.3d 680 (2d Cir. 2004). We have recognized that an inmate's failure to exhaust administrative remedies may be excused where (1) administrative remedies were effectively not "available to the prisoner," (2) defendants are estopped from raising failure to exhaust as an affirmative defense because their "own actions inhibit[ed] the inmate's exhaustion," or (3) "special circumstances . . . justify the prisoner's failure" to exhaust. Hemphill v. New York, 380 F.3d at 686 (internal

_____

[2] Because the alleged incidents occurred in 2005, we rely on the regulations that were in effect at that time. See Amador v. Andrews, 655 F.3d 89, 96 n.3 (2d Cir. 2011).

3

quotation marks omitted); accord Messa v. Goord, 652 F.3d 305, 309 (2d Cir. 2011).[3] None of these exceptions applies here.

Heyliger argues that administrative remedies were rendered unavailable when Sergeant Denis O'Connell, the grievance program supervisor, "threw . . . [Heyliger's grievance form] in the garbage" on June 10, 2005 before it could be "processed." J.A. 74. We are not persuaded. Under the regulations in effect in 2005, if at any step of the grievance process, an inmate did not receive a response within the specified timeframe, he was nonetheless permitted to "appeal[] to the next step." N.Y. Comp. Codes R. & Regs. tit. 7, § 701.8 (2005) (now codified at N.Y. Comp. Codes R. & Regs. tit. 7, § 701.6(g)(2) (2015)). Thus, when Heyliger did not receive a written response from the IGRC, appeal to the superintendent was still an available administrative remedy.[4]

Nor did O'Connell's alleged destruction of Heyliger's grievance estop Gebler and Pilley from raising failure to exhaust as an affirmative defense. A prisoner may invoke "estoppel when defendants took affirmative action to prevent him from availing himself

---

[3] We have previously noted that the Supreme Court's decision in Woodford v. Ngo, which held that § 1997e(a) requires "proper exhaustion," 548 U.S. 81, 93 (2006), may call certain of these exceptions into question, see Amador v. Andrews, 655 F.3d at 102; Macias v. Zenk, 495 F.3d 37, 43 n.1 (2d Cir. 2007); Ruggiero v. Cty. of Orange, 467 F.3d 170, 176 (2d Cir. 2006). As in those cases, however, we need not decide that issue here because Heyliger has failed to satisfy the PLRA even under our pre-Woodford precedents.

[4] Heyliger also could have availed himself of the expedited procedure for grievances that allege "[e]mployee misconduct meant to annoy, intimidate, or harm an inmate." N.Y. Comp. Codes R. & Regs. tit. 7, § 701.11(a) (2005) (now codified at N.Y. Comp. Codes R. & Regs. tit. 7, § 701.2(e) (2015)). Such grievances are forwarded directly to the superintendent and, if he fails to take action within the required time limit, the inmate may appeal directly to the CORC. Id. § 701.11(b)(6) (now codified as amended at N.Y. Comp. Codes R. & Regs. tit. 7, § 701.8(g) (2015)).

of grievance procedures," such as "verbal and physical threats of retaliation, physical assault, [or] denial of grievance forms or writing implements." Amador v. Andrews, 655 F.3d 89, 103 (2d Cir. 2011) (internal quotation marks omitted). Heyliger, however, has failed to adduce any evidence that Gebler or Pilley were involved in the destruction of his grievance form. See generally Macias v. Zenk, 495 F.3d 37, 45–46 (2d Cir. 2007) ("[D]epending on the facts pertaining to each defendant, it is possible that some individuals may be estopped, while others may not be." (quoting Hemphill v. New York, 380 F.3d at 688)).

Heyliger argues on appeal that his failure to exhaust should be excused because threats made by Gebler on June 5, 2005, and a June 18, 2005 altercation with a fellow inmate—which Heyliger argues Gebler orchestrated—rendered administrative remedies unavailable, estop defendants from raising exhaustion as an affirmative defense, and establish special circumstances. But Heyliger failed adequately to raise these arguments below. Indeed, in opposing defendants' motion for summary judgment before the district court, Heyliger argued only O'Connell's alleged destruction of Heyliger's grievance form as excuse for his failure to exhaust administrative remedies.[5] Thus, we deem forfeited the new grounds Heyliger cites to support excusal and decline to consider them on appeal. See Parada v. Banco Indus. de Venez., C.A., 753 F.3d 62, 70 (2d Cir. 2014) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for

---

[5] We note that, although Heyliger proceeded pro se in this action for several years, he was assigned pro bono counsel prior to briefing on defendants' motion for summary judgment, and it was that counsel who filed the brief in opposition to defendants' motion. We need not, therefore, afford Heyliger's motion papers a "liberal construction." Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010).

5

the first time on appeal." (quoting Allianz Ins. Co. v. Lerner, 416 F.3d 109, 114 (2d Cir. 2005))).

Even absent forfeiture, we note that Heyliger filed a grievance after Gebler allegedly threatened him on June 5, 2005. It is therefore clear from the record that the threat did not actually deter Heyliger from pursuing his administrative remedies. It follows that the threat cannot excuse exhaustion. Insofar as Heyliger relies on the June 18, 2005 altercation with another inmate to excuse his failure to exhaust, he has not adduced sufficient facts connecting the altercation to Gebler to defeat summary judgment.

Accordingly, we conclude, as the district court did, that Heyliger's failure to exhaust available administrative remedies is not excused. Further, contrary to Heyliger's contention, he was not entitled to trial on the issue of exhaustion. See Messa v. Goord, 652 F.3d at 310 (holding that "Seventh Amendment does not guarantee a jury trial on factual disputes regarding administrative exhaustion under the PLRA"). The district court therefore properly granted summary judgment for defendants.

2.     District Court's Denial of Leave To Proceed *In Forma Pauperis* On Appeal

Heyliger faults the district court for denying him leave to proceed on appeal in forma pauperis ("IFP"), see 28 U.S.C. § 1915(a)(3), without first affording him an opportunity to brief the issue. This argument fails because where, as here, the district court certifies that an appeal would not be taken in good faith, a party may nonetheless file "a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice" of the district court's denial of IFP status. Fed. R. App.

6

P. 24(a)(5).  Indeed, the district court informed Heyliger that any request to proceed IFP on appeal should be made by motion to this court.  Heyliger failed to file such a motion.

3.      Conclusion

We have considered Heyliger's remaining arguments and conclude that they are without merit.  Therefore, the district court's judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court