Hayes v. Smith & Wesson

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges,*
> GEORGE B. DANIELS,*
> > *District Judge.*

---

Ronald Hayes,
> *Plaintiff-Appellant*,

v.                                                                                    16-1121

Smith & Wesson,
> *Defendant-Appellee,*

New York State Department of Corrections and Community Supervision, C.O. Burch, Great Meadow Correctional Facility, C.O. Jones, Great Meadow Correctional Facility, State of New York, C.O. Wright, Great Meadow Correctional Facility,

> *Defendants.*

---

* Judge George B. Daniels of the United States District Court for the Southern District of New York, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**         Ronald Hayes, pro se, Woodbourne, New York.

**FOR DEFENDANT-APPELLEE:**         Clem C. Trischler, Jason M. Reefer, Pietragallo
                                    Gordon Alfano Bosick & Raspanti, LLP,
                                    Pittsburgh, Pennsylvania.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Ronald Hayes, pro se, appeals the district court's grant of summary judgment to Defendant Smith & Wesson on his product liability claims, and entry of judgment, following a jury verdict, in favor of three corrections officers on his excessive force claims. Hayes alleged that, after corrections officers overly tightened his Smith & Wesson handcuffs and punched him, one cuff failed to open with a key, eventually requiring the use of bolt cutters and medical treatment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the grant of summary judgment de novo, focusing on whether the district court properly concluded that there was no genuine dispute as to any material fact and the moving party was entitled to judgment as a matter of law. *Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013). In New York, a products liability claim may be based on three theories: "(1) a manufacturing defect, which results when a mistake in manufacturing renders a product that is ordinarily safe dangerous so that it causes harm; (2) a warning defect, which occurs when the inadequacy or failure to warn of a reasonably foreseeable risk accompanying a product causes harm; and (3) a design defect, which results when the product as designed is unreasonably dangerous for its intended use." *McCarthy v. Olin Corp.*, 119 F.3d 148, 154-55 (2d Cir. 1997) (citations omitted). Hayes has offered no direct evidence of a defect, but could nonetheless prevail based on circumstantial evidence by proving "that the product did not perform as intended and exclud[ing] all other causes for the product's failure that are not attributable to defendants." *Speller ex rel. Miller v. Sears, Roebuck & Co.*, 100 N.Y.2d 38, 41 (2003).

Upon review, we conclude that the district court properly granted summary judgment to Smith & Wesson. We affirm for substantially the reasons stated by the magistrate judge in his thorough August 27, 2013 report and recommendation.

1. There is no merit to Hayes's contention that he was entitled to an adverse inference because Smith & Wesson destroyed the handcuffs and did not retain repair records. To obtain such an adverse inference, a party "must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 162 (2d Cir. 2012) (quotation marks omitted).

Hayes failed to show that Smith & Wesson controlled the handcuffs when they were destroyed. Moreover, the handcuffs were at least 30 years old, and Hayes needed to show "that the defect complained of existed at the time the product left the manufacturer." *Tardella v. RJR Nabisco, Inc.*, 178 A.D.2d 737, 737 (3d Dep't 1991). He has not established that either the

2

handcuffs or the recent repair records would be relevant to proving the handcuffs were defective at the time of manufacture. In any event, even if Hayes had produced sufficient evidence on these points, his claim was otherwise so lacking that an adverse inference would not have enabled it to survive summary judgment. *Kronisch v. United States*, 150 F.3d 112, 128 (2d Cir. 1998) (explaining that "the destruction of evidence, standing alone," will not allow "a party who has produced no evidence—or utterly inadequate evidence—in support of a given claim to survive summary judgment on that claim").

2. Hayes argues that Smith & Wesson failed to prove its alternate theories for the handcuffs' failure to open. However, under New York law, Hayes bore the burden of disproving these theories. *See Speller*, 100 N.Y.2d at 42-43; *see also Ramos v. Howard Indus., Inc.*, 10 N.Y.3d 218, 224 (2008) (defendant was entitled to summary judgment because, "based on plaintiff's proof, a reasonable jury could not conclude that all other causes of the [product's malfunction] were excluded"). Because Hayes failed to do so, the district court properly granted summary judgment on his products liability claim.

3. Hayes challenges the denial of his motion to reopen discovery. We review the decision for abuse of discretion, which occurs "only when the discovery is so limited as to affect a party's substantial rights." *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) (internal quotation marks and citation omitted). We find no such abuse of discretion here. Hayes sought to reopen discovery to obtain additional repair records from Smith & Wesson and to obtain information about different handcuffs, but he had ample time to request this information before discovery ended. *See Jackson v. Fed. Exp.*, 766 F.3d 189, 198-99 (2d Cir. 2014) (denial of motion to reopen discovery was not an abuse of discretion because, inter alia, the litigant had seven months to conduct discovery).

4. Hayes challenges the denial of an adjournment of the jury trial to obtain a medical expert. We review for abuse of discretion. *Lewis v. Rawson*, 564 F.3d 569, 577 (2d Cir. 2009). Hayes "must establish both that the denial of the adjournment was arbitrary, and that it substantially impaired the presentation of his case." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 148 (2d Cir. 1998).

The court did not abuse its discretion by denying an adjournment of indeterminate length, which was sought five days before trial. The case had been pending for nearly five years; the time to disclose experts had passed; and granting the adjournment (and reopening expert discovery) would have significantly delayed trial. *See Payne v. Jones*, 711 F.3d 85, 92 (2d Cir. 2013) ("[C]ontinuances can be highly disruptive to the courts and the parties, especially when granted close to the start of trial . . . ."); *Messa v. Goord*, 652 F.3d 305, 310 (2d Cir. 2011) (court did not abuse its discretion by denying request for adjournment of hearing because case had been pending for seven years).

5. Hayes contends that he was entitled to an adverse inference jury instruction against the three corrections officers, for which Hayes had to make the same showing as that required above for an adverse inference against Smith & Wesson.[1] *See Chin*, 685 F.3d at 162. We review

---

[1] On August 11, 2016, this Court dismissed, inter alia, Hayes's appeal concerning claims against the three corrections officers in their official capacities. Hayes's individual-capacity claims against them survived, but each corrections officer was thereafter mistakenly listed as terminated

3

for abuse of discretion, *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002), and conclude that there was no abuse of discretion here. Hayes asserts that he requested an adverse inference instruction at trial because prison officials had destroyed the handcuffs and videotapes of the prison yard were missing. However, Hayes has not established that the handcuffs were relevant to his excessive force claim because his assertion that prison officials cut them incorrectly would, at most, show negligence. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) ("[N]egligence is insufficient to support an Eighth Amendment claim."). And he has not provided any information about what the videotapes would have shown. He has therefore failed to show that the tapes were destroyed at a time when prison officials had an obligation to preserve them, or that prison officials acted with a culpable state of mind. *See Chin*, 685 F.3d at 162.

We have considered all of Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

on the docket. Given that we affirm the district court's judgment in their favor, the early termination of these defendants is academic.