**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6223**

BRADFORD D VOL ALLEN,

       Plaintiff - Appellant,

       v.

BUDDY HARWOOD, Sheriff of Madison County (and Jail); MICHAEL GARRISON, Chief of the Madison County Sheriff's Office; TOMMY WORLEY, Correctional Officer at the Madison County Jail,

       Defendants - Appellees,

       and

MADISON COUNTY SHERIFF'S OFFICE/JAIL,

       Defendant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Max O. Cogburn, Jr., District Judge. (1:15-cv-00246-MOC)

Submitted: June 21, 2018                   Decided: June 26, 2018

Before DIAZ and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Bradford D Vol Allen, Appellant Pro Se. Jamie A. Stokes, LAW OFFICES OF JAMIE A. STOKES PLLC, Asheville, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bradford D Vol Allen appeals the district court's orders denying his motions to appoint counsel and for default judgment, granting Defendants' motions for summary judgment, and dismissing Allen's 42 U.S.C. § 1983 (2012) complaint without prejudice for failure to exhaust administrative remedies. First, we discern no error in the district court's decision to hold an evidentiary hearing—and reach credibility determinations based on the evidence presented at that hearing—for the limited purpose of determining whether Allen exhausted his administrative remedies. *See Messa v. Goord*, 652 F.3d 305, 308 (2d Cir. 2011) (approving use of evidentiary hearing to determine whether plaintiff exhausted administrative remedies; collecting cases).

Relatedly, we conclude that the district court's credibility determinations were sound and that, in light of the credible testimony demonstrating the availability of administrative remedies, Allen's claim to the contrary lacks merit.[*] *See Teleguz v. Zook*, 806 F.3d 803, 811 (4th Cir. 2015) ("Credibility determinations are deserving of the highest degree of appellate deference" because "the court below, and not the reviewing court, weighs . . . credibility, and we generally do not review credibility determinations." (internal quotation marks omitted)). Moreover, the record shows that the district court did acknowledge and consider the statements made in Allen's verified complaint.

---

[*] Moreover, Allen has waived any claim that Defendants waived their exhaustion defense by raising it for the first time on appeal in his reply brief. *See A Helping Hand, LLC v. Balt. Cty., MD*, 515 F.3d 356, 369 (4th Cir. 2008).

We further conclude that the district court did not abuse its discretion in denying Allen's motions for default judgment and to appoint counsel. Finally, in the absence of any evidence of bias, the district judge did not abuse his discretion in failing to recuse himself from the matter. *See Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co.*, 748 F.3d 160, 167 (4th Cir. 2014) (stating standard of review). Accordingly, we deny Allen's motion to appoint counsel, deny as moot his motion that transcripts of the hearing be forwarded to this court, because the record contains the transcripts, and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*