**Francisco Mercado TORRES, Jr., Plaintiff–Appellant,**

v.

**NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Defendant,**

**Glenn S. Goord, Commissioner, Pellicane, Sergeant, Parkhurst, Designee, Superintendent, Eastern Correctional Facility, Defendants–Appellees.**

**No. 05–2002–PR.**

United States Court of Appeals, Second Circuit.

Feb. 3, 2006.

Francisco Mercado Torres, Jr., Staten Island, NY, for Appellant, pro se.

Andrea Oser, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York; Martin A. Hotvet, Assistant Solicitor General), Albany, NY, for Appellees, of counsel.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, Circuit Judges, and Hon. MARK R. KRAVITZ,* District Judge.

## SUMMARY ORDER

Plaintiff-appellant Francisco Mercado Torres, Jr., appeals from the judgment of the district court, which, adopting a magistrate judge's Report and Recommendation, granted summary judgment in favor of the defendants-appellees and dismissed Torres' 42 U.S.C. § 1983 complaint. Torres' principal claim was that the defendants-appellees violated his due process right to access the courts when they allegedly confiscated and destroyed computer disks containing his legal work product and sanctioned him because he carried the disks outside the correctional facility's law library in violation of an unpublished directive of the New York State Department of Correctional Services ("DOCS"). We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

---

* The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

We review *de novo* a district court's grant of summary judgment. *June v. Town of Westfield,* 370 F.3d 255, 257 (2d Cir.2004). Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Id.*

The district court properly found that Torres had failed to exhaust his administrative remedies because he had not filed grievances with respect to the claims alleged in his complaint. Under the Prison Litigation Reform Act, an inmate must exhaust all available administrative remedies prior to bringing a § 1983 action "with respect to prison conditions." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle,* 534 U.S. 516, 523–24, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (discussing the § 1997e(a) exhaustion requirements). In New York State, inmates are given notice of the grievance system. *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 701 (2005). Torres did not satisfy the exhaustion requirement because he filed an untimely grievance well after the filing of his § 1983 complaint. *See Neal v. Goord,* 267 F.3d 116, 121–22 (2d Cir.2001). Moreover, we agree with the district court that no "special circumstances" existed to excuse or justify Torres' failure to exhaust. *See Hemphill v. New York,* 380 F.3d 680, 686 (2d Cir.2004) (citation and internal quotation marks omitted). Torres admitted that he knew about the grievance system but chose not to use it because he did not believe that the grievance system would provide him with the monetary remedy he sought. He does not claim that any ambiguity in the DOCS regulations prompted him to believe that a grievance was not required or that the defendants-appellees made the grievance system unavailable to him. *See, e.g., Giano v. Goord,* 380 F.3d 670, 678 (2d Cir.2004).

Even if Torres had exhausted all of his claims, however, we would affirm on the alternative grounds discussed by the magistrate judge, namely, that the defendants-appellees were immune from suit under the Eleventh Amendment, that they lacked personal involvement in the alleged unconstitutional act, and that Torres' due process and destruction of property claims were meritless. Although neither the magistrate judge nor the district court discussed the conspiracy and equal protection claims, we find no error as Torres merely made conclusory allegations and failed to show any facts that would constitute a violation of his rights. *See Kia P. v. McIntyre,* 235 F.3d 749, 763 (2d Cir.2000) ("A plaintiff may not survive a properly asserted motion for summary judgment on the basis of conclusory allegations alone.").

For the reasons discussed, the judgment of the district court is AFFIRMED.