14-3365
Richardson v. New York State Department of Corrections

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of February, two thousand sixteen.

Present:        AMALYA L. KEARSE,
                ROSEMARY S. POOLER,
                ROBERT D. SACK,
                        *Circuit Judges*.

_____

ROLAND RICHARDSON,

                *Plaintiff-Appellant*,

                v.                                              14-3365

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION EMPLOYEES, in their individual capacities, PATRICK J. GRIFFIN, Superintendent of Sullivan Correctional Facility, C.O. R. LORDO, SERGEANT WILLIAM HAAS, CAROL LICIAGO, Facility Nurse - RN, C.O.D. LAWRENCE, LIEUTENANT SIPPLE, C.O. BRUNO, Visit Room Officer,

                *Defendants-Appellees*.[1]

_____

Appearing for Appellant:        Ellyde R. Thompson (William B. Adams, *on the brief*), Quinn
                                Emanuel Urquhart & Sullivan, LLP, New York, NY.

Appearing for Appellee:         David Lawrence III, Assistant Solicitor General (Barbara D.
                                Underwood, Solicitor General, and Steven C. Wu, Deputy Solicitor

---

[1] The Clerk of Court is directed to amend the official caption to conform with the caption above.

General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Schofield, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Roland Richardson appeals from the August 12, 2014 judgment of the United States District Court for the Southern District of New York (Schofield, *J.*), dismissing his complaint for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. §§ 1997e *et seq.* On appeal, Richardson argues that the district court erred in granting summary judgment to Defendants because, according to Richardson, there are disputed factual issues concerning whether Richardson's failure to exhaust is excused under the three-part inquiry articulated in *Hemphill v. New York*, 380 F.3d 680 (2d Cir. 2004). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review *de novo* a district court's ruling on whether a plaintiff has exhausted administrative remedies under the [PLRA]." *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009). In reviewing the district court's grant of summary judgment, we "constru[e] all evidence in the light most favorable to the non-moving party, and affirm[] only where 'there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hubbs v. Suffolk Cty. Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015) (citation omitted) (quoting Fed. R. Civ. P. 56(a)).

The PLRA's exhaustion provision provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court interpreted this provision to require "proper exhaustion." *Id.* at 84. "[A]n untimely or otherwise procedurally defective administrative grievance or appeal" will not suffice. *Id.* at 83-84.

Here, there is no serious dispute that Richardson failed to properly exhaust his administrative remedies, as he failed to take an administrative appeal to the central office review committee. Richardson argues, however, that his failure to exhaust should be excused under the three-part inquiry articulated in *Hemphill*, 380 F.3d at 686. Under *Hemphill*, to determine whether an inmate's failure to exhaust should be excused, we ask, first, "whether administrative remedies were in fact 'available' to the prisoner." *Id.* Second, we "inquire as to whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense." *Id.* (citations omitted). Third, if we "find[] that administrative remedies were available to the plaintiff, and that the defendants are not estopped and have not forfeited their non-exhaustion defense, but that the plaintiff nevertheless did not exhaust available remedies,

2

[we] should consider whether 'special circumstances' have been plausibly alleged that justify 'the prisoner's failure to comply with administrative procedural requirements.'" *Id.* (quoting *Giano v. Goord*, 380 F.3d 670, 676 (2d Cir. 2004)). While we have questioned the "continued viability" of these exceptions after *Woodford*, *see Amador v. Andrews*, 655 F.3d 89, 102 (2d Cir. 2011), there is no need to address that issue here because Richardson has not demonstrated that his failure to exhaust is justified even under pre-*Woodford* caselaw.

With respect to the first part of the *Hemphill* inquiry, Richardson's failure to properly exhaust is not excused because administrative remedies were in fact available to him. Although Richardson claims that he never received the superintendent's decision denying his grievance, this fact is ultimately irrelevant because department of corrections regulations expressly provide that "[i]f the superintendent fails to respond within the required 25 calendar day time limit[,] the grievant may appeal his/her grievance to [the central office review committee]." N.Y. Comp. Codes R. & Regs. tit. 7, 701.8(g). The fact that Richardson was transferred to a different facility after he filed his grievance does not affect this analysis because Richardson retained the ability to appeal his grievance to the central office review committee even after he was transferred. Nor does the fact that Richardson may have believed an appeal to be futile excuse his failure to exhaust. *See Giano v. Goord*, 250 F.3d 146, 150-51 (2d Cir. 2001) ("[T]he alleged ineffectiveness of the administrative remedies that are available does not absolve a prisoner of his obligation to exhaust such remedies when Congress has specifically mandated that he do so.").

Second, Defendants are not estopped from raising Richardson's failure to exhaust. Richardson has never contended that he failed to appeal because of threats from prison officials, and any such contention would be implausible given that Defendants' conduct did not deter Richardson from submitting a grievance to the grievance committee.

Third, there are no "special circumstances" that justify Richardson's failure to exhaust. Richardson argues that special circumstances exist essentially for the same reasons that he argues exhaustion is excused under the first two parts of the *Hemphill* inquiry. For the same reasons that Richardson has not demonstrated that exhaustion is excused under the first two parts of the *Hemphill* inquiry, he has not demonstrated that special circumstances justify his failure to exhaust.

We have considered the remainder of Richardson's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3