**Darrell MCKINNEY, 86B1648, Plaintiff,**

v.

**Albert PRACK, Thomas Griffin,
and Stephen Wenderlich,
Defendants.**

**6:14–CV–6425 EAW**

United States District Court,
W.D. New York.

Signed March 21, 2016

Darrell McKinney, Comstock, NY, pro se.

Hillel David Deutsch, Nys Attorney General's Office, Rochester, NY, for Defendant.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, United States District Judge

### INTRODUCTION

Plaintiff Darrell McKinney ("Plaintiff"), proceeding *pro se,* is an inmate currently housed at Great Meadow Correctional Facility. Plaintiff brings the instant action pursuant to 42 U.S.C. § 1983, alleging that Defendants Albert Prack, Thomas Griffin, and Steven Wenderlich (collectively "Defendants")[1] denied his constitutional rights when he was sentenced to segregated confinement for non-violent offenses. (Dkt.1). Plaintiff claims that the policy of the New York State Department of Corrections and Community Supervision ("DOCCS") on use of lengthy terms of isolation and solitary confinement as punishment is cruel and unusual. (*Id.*).

Presently before the Court is Defendants' motion for summary judgment in lieu of an answer, arguing that Plaintiff has failed to exhaust his administrative remedies with respect to his remaining claims. (Dkt.8). For the reasons set forth below, Defendants' motion is granted and Plaintiff's complaint is dismissed.

### PROCEDURAL BACKGROUND

Plaintiff filed his complaint in this matter on July 28, 2014. (Dkt.1). On March 30, 2015, the Court granted Plaintiff leave to proceed *in forma pauperis* and screened the complaint in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (Dkt.3). The Court found that Plaintiff's due process claims and Eighth Amendment claims as against certain Defendants were likely barred by the three year statute of limitations, and directed Plaintiff to file an amended complaint including the necessary allegations to indicate that his claims were not time barred on or before April 30, 2015. (*Id.*).

Plaintiff did not file an amended complaint. Accordingly, on June 5, 2015, the Court directed the Clerk of Court to terminate the action as against Defendants Saj, Napoli, Wolczyk, Sheahan, Esgrow, Donahue, Patrick Griffin, and McAnany. (Dkt.4). The Court also dismissed Plaintiff's second and fourth causes of action alleging due process violations with prejudice. (*Id.*). The United States Marshal served copies of the Summons, Complaint, and Order upon Defendants Fischer, Prack, Bezio, Thomas Griffin, and Wenderlich. (*Id.*).[2]

On August 13, 2015, the remaining Defendants filed a motion for summary judgment, contending Plaintiffs remaining claims should be dismissed for failure to exhaust administrative remedies in accordance with the Prison Litigation Reform Act ("PLRA"). (Dkt.8–4).

On September 2, 2015, Plaintiff filed a letter motion seeking an extension of time to file his response and other miscellaneous relief. (Dkt.10). In a text order dated September 2, 2015, the Court granted

---

1. Because Plaintiff has failed to respond to this Court's Decision and Order dated March 30, 2015 (Dkt.3) with any basis for tolling the statute of limitations, Defendants Fischer and Bezio are dismissed from this action. As noted in that Order, Defendants Fischer and Bezio were Superintendents of DOCCS at a time barred by the statute of limitations.

2. Defendants Fischer and Bezio were erroneously served copies of the Summons, Complaint, and Order, as the Court's March 30, 2015 Decision and Order explicitly stated that only Defendants Prack, Griffin, and Wenderlich should be served in the event that Plaintiff failed to file an amended complaint. (Dkt. 3 at 8).

Plaintiffs request for an extension of time, but denied Plaintiffs request to the extent he sought any additional relief. (Dkt.11). Plaintiff filed his response on November 12, 2015, at which time the Court took the motion under advisement. (Dkt.12).

## FACTUAL BACKGROUND

Plaintiffs complaint asserts the following facts with respect to his remaining claims for violations of his constitutional rights under the Eighth Amendment as against Defendants Griffin, Prack, and Wenderlich. (Dkt.1).

Plaintiff is an inmate at Great Meadows Correctional Facility, serving a prison sentence that commenced in 1986. (*Id.* at ¶ 68).

According to Plaintiff, he was improperly written a misbehavior report on February 9, 2009 for bribery/extortion, harassment, and threats. (*Id.* at ¶ 69). As a result of this misbehavior report, Plaintiff claims he was sentenced on February 13, 2009, to six months in SHU. (*Id.* at ¶ 70). On that same date, Plaintiff alleges he "sent out invoices to departmental staff, accusing them of violating his rights as a sovereign under UCC." (*Id.* at ¶ 71). Plaintiff claims he was issued another misbehavior report on February 13, 2009, for bribery/extortion, harassment, and threats for the mailing of his "invoices." (*Id.* at ¶ 72). According to Plaintiff, he received an additional year of SHU time for that misbehavior report. (*Id.* at ¶ 73).

Plaintiff alleges that he continued to be subjected to isolation for long periods of time for non-violent conduct. (*Id.* at ¶¶ 77–118). He claims that he has, to date, "spent a little over 5 years and 6 months in extreme isolation dating back to February of 2009." (*Id.* at ¶ 119). He alleges that DOCCS policies allow for lengthy confinements without any subsequent individualized review for "grossly disproportionate SHU sanctions." (*Id.* at ¶ 56).

Plaintiff claims that, as a result of his extended time in SHU, he has sustained deteriorated emotional and physical health. (*Id.* at ¶¶ 136–46).

## DISCUSSION

### I. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party. *Scott v. Harris,* 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Once the moving party has met its burden, the opposing party " 'must do more than simply show that there is some metaphysical doubt as to the material facts.... [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial.*'" *Caldarola v. Calabrese,* 298 F.3d 156, 160 (2d Cir.2002) (quoting *Matsushita Elec.,* 475 U.S. at 586–87, 106 S.Ct. 1348) (emphasis in original). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment...." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original).

Federal Rule of Civil Procedure 56(b) provides that a party may file a motion for summary judgment "at any time until 30 days after the close of all discovery." A party may move for summary judgment in

lieu of an answer. *See, e.g., Anderson v. Rochester–Genesee Reg'l Transp. Auth.,* 337 F.3d 201, 202 (2d Cir.2003); *Crenshaw v. Syed,* 686 F.Supp.2d 234, 236 (W.D.N.Y. 2010); *Riehl v. Martin,* No. 9:13–cv–439 GLS/TWD, 2014 WL 1289601, at *1–2 (N.D.N.Y. Mar. 31, 2014); *Beckford v. New York State Office of Mental Health,* No. 06–CV–00561(Sr), 2010 WL 1816689, at *1 (W.D.N.Y. May 3, 2010); *Wegman v. Grimmke,* No. 03–CV–234S, 2004 WL 2202642, at *2 (W.D.N.Y. Sept. 30, 2004).

■ The standard for granting summary judgment is the same whether the motion is made in lieu of an answer or after discovery has occurred—the moving party must demonstrate that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. *See Anderson,* 337 F.3d at 206. "Once the moving party has met its burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a metaphysical doubt concerning the facts, or on the basis of conjecture or surmise." *Beckford,* 2010 WL 1816689, at *5 (quotation omitted). An inmate's failure to exhaust administrative remedies is properly considered on a motion for summary judgment made in lieu of an answer. *See Crenshaw,* 686 F.Supp.2d at 236 (granting summary judgment motion made in lieu of answer where inmate failed to file grievances/appeals).

## II. Plaintiff's Failure to Exhaust Administrative Remedies

■ Defendants argue in support of their motion for summary judgment that Plaintiff has failed to exhaust his administrative remedies with respect to his claims regarding any alleged physical or psychological injuries resulting from his conditions of confinement in SHU between 2011 and 2014, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e (the "PLRA"). (Dkt. 8–4 at 1).

■ Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

To satisfy that requirement, prisoners in New York must ordinarily follow a three-step DOCS grievance process. The first step in that process is the filing of a grievance with the Inmate Grievance Resolution Committee. Next, the inmate may appeal an adverse decision to the prison superintendent. Finally, the inmate may appeal the superintendent's decision to the Central Office Review Committee ("CORC"). In general, it is only upon completion of all three levels of review that a prisoner may seek relief in federal court under § 1983.

*Crenshaw,* 686 F.Supp.2d at 236 (citations omitted) (granting motion for summary judgment filed in lieu of answer because plaintiff did not file grievances or appeals to CORC). "Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador v. Andrews,* 655 F.3d 89, 96 (2d Cir.2011). "[D]efendants bear the burden of proof and prisoner plaintiffs need not plead exhaustion with particularity." *McCoy v. Goord,* 255 F.Supp.2d 233, 248 (S.D.N.Y.2003).

In support of their motion, Defendants have submitted proof that Plaintiff did not exhaust his administrative remedies with respect to the allegations in the complaint. (Dkt. 8–3 at 5–82). In response, Plaintiff has submitted: (1) his own "Affidavit and Answer"; (2) memoranda dated September 29, 2011, October 7, 2011, December 1, 2011, December 8, 2011, October 15, 2012,

and October 29, 2012, from various inmate grievance supervisors to Plaintiff; and (3) an inmate misbehavior report dated November 18, 2011. (Dkt. 12 at 9–24).

The Court has reviewed the documents submitted by Plaintiff and concludes that they do not contradict Defendants' records showing that Plaintiff did not file any complaints or grievances concerning any alleged physical or psychological injuries resulting from his conditions of confinement in SHU between 2011 and 2014. In other words, based upon the record before the Court, it is undisputed that Plaintiff did not even complete the first step of the DOCCS grievance process and file a grievance with the Inmate Grievance Resolution Committee ("IGRC") concerning the issues that Plaintiff now seeks to pursue in this federal court action.

It is well-established that an inmate who does not file a grievance with IGRC has failed to exhaust his administrative remedies. *See, e.g., Torres v. New York State Dep't of Corr. Servs.*, 166 Fed.Appx. 510, 512 (2d Cir.2006) ("The district court properly found that Torres had failed to exhaust his administrative remedies because he had not filed grievances with respect to the claims alleged in his complaint."); *Powell v. Schriro*, No. 14 Civ. 6207(KPF), 2015 WL 7017516, at *7 (S.D.N.Y. Nov. 12, 2015) ("What is fatal to Plaintiff's claim is his failure to file a grievance under the IGRP or Policy 16 regarding his allegations...."); *Bonds v. Allen*, No. 08–CV–1202 (SJF)(ARL), 2011 WL 837750, at *2 (E.D.N.Y. Mar. 3, 2011) (granting motion for summary judgment for failure to exhaust where the evidence demonstrated the plaintiff did not file a grievance related to the relevant issue).

Moreover, even assuming Plaintiff had filed grievances related to his conditions of confinement between 2011 and 2014, there is absolutely no evidence in the record that Plaintiff has appealed the denial of any of these grievances. As a result, Plaintiff has failed to raise a genuine issue of material fact with respect to his failure to exhaust.

### III. Plaintiff's Failure to Exhaust His Administrative Remedies is Not Excusable

■ Although Plaintiff has not made an argument to this effect, in light of his *pro se* status, the Court also considers whether Plaintiff's failure to exhaust is excused pursuant to the three-part inquiry established by the Second Circuit Court of Appeals in *Hemphill v. New York*, 380 F.3d 680 (2d Cir.2004). In *Hemphill*, the Second Circuit Court of Appeals held:

a three-part inquiry is appropriate in cases where a prisoner plaintiff plausibly seeks to counter defendants' contention that the prisoner has failed to exhaust available administrative remedies as required by the PLRA. 42 U.S.C. § 1997e(a). Depending on the inmate's explanation for the alleged failure to exhaust, the court must ask whether administrative remedies were in fact 'available' to the prisoner. The court should also inquire as to whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense. If the court finds that administrative remedies were available to the plaintiff, and that the defendants are not estopped and have not forfeited their non-exhaustion defense, but that the plaintiff nevertheless did not exhaust available remedies, the court should consider whether 'special circumstances' have been plausibly alleged that justify 'the prisoner's failure to comply with administrative procedural requirements.'

*Id.* at 686 (citations omitted). There is no "right to a jury trial on factual disputes regarding an inmate's failure to exhaust administrative remedies as required by the PLRA...." *Messa v. Goord,* 652 F.3d 305, 308 (2d Cir.2011).

There is an open question regarding the continuing vitality of portions of the *Hemphill* framework following the United States Supreme Court's decision in *Woodford v. Ngo,* 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) that the PLRA requires "proper exhaustion." *See Amador,* 655 F.3d at 102 ("Subsequent decisions have questioned the continued viability of this framework following the Supreme Court's decision in [*Woodford*].''). The Second Circuit Court of Appeals has repeatedly declined to reach this issue. *See Richardson v. New York State Dep't of Corrs. & Cmty. Supervision Emps.,* No. 14–3365, 633 Fed.Appx. 816, 817, 2016 WL 690981, at *1 (2d Cir. Feb. 22, 2016) ("While we have questioned the 'continued viability' of these [*Hemphill*] exceptions after *Woodford,* ... there is no need to address that issue here...."). Here, this issue also does not need to be resolved because even applying *Hemphill,* Plaintiff has failed to demonstrate a genuine issue of material fact as to whether his failure to exhaust is excused.

■ With respect to the first *Hemphill* inquiry, Plaintiff has not presented evidence that administrative remedies were unavailable to him. Plaintiff asserts that Angela Bartlett, Deputy Superintendent for Program Services, has returned "many" of Plaintiff's grievances back to him, and has also written him "tickets" for filing the grievances. (Dkt. 12 at 5). Therefore, Plaintiff claims, "as for filing a grievance on the health and sanitary conditions in Southport. I attest that It.[sic] is not happening under her 'watch.'" (*Id.*). Attached to Plaintiff's affidavit are a series

of memoranda allegedly from Ms. Bartlett herself, as well as other Inmate Grievance Office staff, addressed to Plaintiff, explaining that his grievances would not be acknowledged as long as Plaintiff continued to use UCC indicators instead of his DOCCS name, citing DOCCS Rule 113.30. (*Id.* at 9–24). In a memorandum dated September 29, 2011, Ms. Bartlett allegedly informed Plaintiff that if he continued to use UCC indicators, he may "receive disciplinary sanctions as such is a department violation." (*Id.* at 9).

"Rule 113.30 provides that [a]n inmate shall not possess any Uniform Commercial Code ("UCC") Article 9 Form, including but not limited to any financing statement, ... correction statement ..., or information request whether printed, copied, typed or hand written, or any document concerning a scheme involving an inmate's 'strawman.'" *Peoples v. Fischer,* 898 F.Supp.2d 618, 621 n. 13 (S.D.N.Y.2012) (quotations omitted); *see also Richardson v. New York,* No. 10 Civ. 6137(SAS), 2012 WL 76910, at *3 (S.D.N.Y. Jan. 9, 2012) ("Rule 113.30 prohibits the possession of any unauthorized U.C.C. materials."). "The unauthorized possession of certain UCC materials was banned by DOCCS Commissioner after it was determined that inmates often used UCC forms to file baseless and fraudulent liens or financing statements against DOCCS personnel and judicial officers for the sole purpose of harassing such individuals through credit impairment." *Cepeda v. Urban,* No. 12–CV–00408(F), 2014 WL 2587746, at *1 (W.D.N.Y. June 10, 2014). The grievance forms attached to Plaintiff's affidavit as well as the papers he submits in support of the current case include UCC indicators and the like. (Dkt. 1 at 68; Dkt. 12 at 8, 11, 14, 17, 19, 22, 25). Plaintiff does not deny that he signed his grievance forms with a UCC indicator in violation of DOCCS rules.

Despite this alleged impediment to filing grievances, the record shows that Plaintiff has appealed and exhausted approximately 20 grievances during his 29 years of incarceration, including four grievances between 2011 and 2014, none of which pertained to alleged physical or psychological injuries resulting from extended time spent in solitary confinement. (Dkt. 8–3 at 2, 5, 8–82). Additionally, none of the grievances Plaintiff purportedly attempted to file that were rejected by Ms. Bartlett or her staff relate to the allegations in the instant case. (Dkt. 12 at 8, 11, 14, 17, 19, 22, 25).

Further, Plaintiff's assertions that Ms. Bartlett refused to process his grievances did not render the entire grievance process unavailable, as Plaintiff could have re-filed any grievance or sought to appeal his grievance when he did not receive a favorable response after attempting to file his initial grievance. *See Parker v. McIntyre,* No. 11–CV–865, 2014 WL 5432153, at *3 (W.D.N.Y. Oct. 27, 2014) ("Courts repeatedly have dismissed complaints ... when an inmate confronted with facility inaction fails to proactively grieve a claim to completion.") (quotation omitted) (collecting cases); *Smith v. City of New York,* No. 12 Civ. 3303(CM), 2013 WL 5434144, at *20 (S.D.N.Y. Sept. 26, 2013) ("Barry could have re-filed his grievance or sought to 'appeal' his grievance when he did not hear back from the Grievance Office within five days after filing the initial grievance."). Therefore, Plaintiff has failed to present a question of fact as to whether the grievance process was available to him.

▬ With respect to the second *Hemphill* inquiry, Defendants have timely raised the administrative exhaustion defense, and the record does not contain any evidence that they unlawfully impeded Plaintiff in any attempts to avail himself of his administrative remedies.

Notably, Ms. Bartlett is not a named Defendant, and to the extent Plaintiff alleges Ms. Bartlett impeded his ability to avail himself of administrative remedies, those actions cannot be imputed to the named Defendants. *See Amador,* 655 F.3d at 102 ("The second part considers whether defendants forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, or whether defendants' *own* actions inhibiting the inmate's exhaustion of remedies estops one or more of the defendants from raising the exhaustion defense.") (emphasis added); *Ruggiero v. Cnty. of Orange,* 467 F.3d 170, 178 (2d Cir.2006) ("In our prior cases recognizing that *defendants' actions* may estop them from raising non-exhaustion as a defense each prisoner alleged that defendants took affirmative action to prevent him from availing himself of grievance procedures ... Ruggiero does not allege beatings or threats of retaliation for filing a grievance or that he made any attempt to file a grievance and was denied that opportunity by *Defendants-Appellants.*") (emphasis added) (citations omitted); *Wallace v. Fisher,* No. 9:13–CV–1208, 2015 WL 9275001, at *5 (N.D.N.Y. Dec. 18, 2015) ("It is important to note that a defendant in an action may not be estopped from asserting the affirmative defense of failure to exhaust administrative remedies based on the actions (or inactions) of *other* individuals.") (emphasis in original); *Gayle v. Benware,* 716 F.Supp.2d 293, 298 (S.D.N.Y.2010) ("There is no suggestion that any of the named Defendants in any way interfered with Gayle's ability to file or perfect his grievance. The Defendants therefore may not be estopped from raising a lack-of-exhaustion defense.").

▬ Finally, no "special circumstances" exist to excuse Plaintiff's failure to exhaust. When considering whether special circumstances exist that excuse a

failure to exhaust, the Court considers "circumstances which might understandably lead usually [uncounseled] prisoners to fail to grieve in the normally required way." *Giano v. Goord,* 380 F.3d 670, 678 (2d Cir.2004). As evidenced by Plaintiff's approximately 20 appeals to CORC, Plaintiff was aware of the grievance process generally. Plaintiff has failed to provide any legitimate excuse for his failure to file any grievances related to his conditions of confinement and subsequent alleged injuries as claimed in the instant complaint. *See Torres,* 166 Fed.Appx. at 512 (no special circumstances existed to excuse failure to exhaust where the plaintiff admitted that he knew about the grievance system but chose not to use it because he did not believe the grievance system would provide him with the remedy he sought); *Dostis v. Matthew,* No. 9:06–CV–1091 (FJS/DEP), 2008 WL 3156926, at *7 (N.D.N.Y. Aug. 4, 2008) ("Indeed, in stark contrast to plaintiffs implicit assertion that he was dissuaded from filing a grievance by defendants' conduct, the record establishes that during his confinement at the DCCF Dostis filed two grievances unrelated to the matters raised in his complaint ... within the time frame implicated in his complaint.").

Based on the foregoing, the Court grants Defendants' motion for summary judgment. Plaintiff has failed to establish that a genuine issue of material fact exists with respect to the failure to exhaust his administrative remedies and he is thus precluded from maintaining this action pursuant to the PLRA.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (Dkt.8) is granted. The Clerk of Court is instructed to enter judgment in Defendants' favor and close the case.

SO ORDERED.